PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2006 Chevrolet Monte Carlo struck a hole on May Road, designated as County Route 3, in Follansbee, Brooke County. County Route 3 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:30 p.m. to 8:00p.m. onMarch 14,2008. County Route 3 is a paved, two-lane road with a centerline and edge lines. The posted speed limit is twenty-five miles per hour. As claimant was driving at approximately twenty miles per hour, her vehicle struck a hole situated on the edge of the road that she estimated was two feet long and two feet wide. Although she was familiar with the road and was aware that there were several holes in this area, claimant testified that she could not avoid the hole because it was dark and raining. As a result of this incident, claimant’s vehicle sustained damage to its passenger side tires ($289.95), and she also incurred towing expenses ($55.00). Thus, claimant’s damages total $344.95. Claimant’s insurance policy does not provide coverage for this loss.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 3. Craig Sperlazza, Brooke County Administrator for respondent, testified that he is familiar with the area where this incident occurred. At the time of claimant’s incident, respondent had nineteen employees available for road maintenance and 225 miles of road that he was responsible for maintaining in Brooke County. He explained that County Route 3 is a low priority road in terms of its maintenance. According to the DOH12, a record of respondent’s daily work activity, respondent had patched holes on County Route 3 onFebruary 15,2008, and February 21, 2008, with cold mix. He testified that cold mix is only a temporary repair.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant ’ s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and its location lead the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $344.95.
Award of $344.95.